ANNETTE KINGSLAND ZIEGLER, J. (concurring).
¶ 73 I write to clarify why I join the court's opinion. In this writing I intend to concisely highlight the main holdings of the opinion.
¶ 74 This is a review of an unpublished decision of the court of appeals, State v. Bell, Nos. 2015AP2267-CR and 2015AP2668-CR, unpublished slip. op., 2016 WL 7742999 (Wis. Ct. App. Dec. 1, 2016), affirming the Monroe County circuit court's[1] denial of Gerrod Bell's ("Bell") postconviction motion for a new trial.
¶ 75 In a consolidated criminal action by the State, Bell was charged with seven crimes relating to the sexual assaults of two minors, A.L. and T.P. Majority op., ¶ 4. The case proceeded to trial. At different points during the trial, the prosecutor *772 made a number of statements regarding witness credibility to the effect that (1) to find Bell not guilty the jury must believe that T.P. had lied (the "must believe" statements), and (2) to believe that T.P. had lied, there had to be evidence of a reason to lie (the "motive" statements). Majority op., ¶ 41. Defense counsel objected to *662 these statements during the State's closing argument, but failed to properly preserve the objection by moving for a mistrial before the jury rendered its verdict.[2] Additionally, when reviewing exhibits requested by the jury, defense counsel failed to request the redaction of two exhibits that tended to establish T.P.'s "prior sexual conduct," which is inadmissible evidence pursuant to Wis. Stat. § 972.11(2)(b) (the "Rape Shield" statute). The jury ultimately found Bell guilty of all counts.
¶ 76 After the judgments of conviction were entered, Bell filed a postconviction motion under Wis. Stat. (Rule) § 809.30(2)(h) seeking a new trial. See *663 majority op., ¶ 6. The circuit court denied Bell's motion for a new trial because it found that the prosecutor's statements did not violate Bell's constitutional rights given the totality of the circumstances at trial, namely that the jury had been properly instructed. Bell appealed.
¶ 77 The court of appeals affirmed. See Bell, unpublished slip op., ¶ 3. The court of appeals held that the prosecutor's statements were not misstatements of law; rather, the statements were a characterization of the evidence that was responsive to the defense's theory. Id., ¶ 36. Because it concluded that there was no error, the court of appeals did not reach the issues of whether the error was sufficient to entitle Bell to a new trial on the basis of plain error or ineffective assistance of counsel. Similarly, the court of appeals held that defense counsel's failure to request redaction of the exhibits was not ineffective assistance of counsel because the jury's review of unredacted exhibits did not result in prejudice. Id., ¶¶ 38, 48. Bell petitioned for review.
¶ 78 On review, we consider three issues: (1) Whether the prosecutor's statements constitute plain error so as to entitle Bell to a new trial; (2) whether Bell is entitled to a new trial because defense counsel's failure to properly preserve objection to the prosecutor's statements constitutes ineffective assistance of counsel; and (3) whether Bell is entitled to a new trial because defense counsel's failure to request redaction of the exhibits constitutes ineffective assistance of counsel.
*773 I
¶ 79 We consider first whether the prosecutor's statements constitute plain error so as to entitle Bell to *664 a new trial. We conclude that the prosecutor's "must believe" statements were not improper, and, therefore, that there was no error, because their practical effect was only to "impress[ ] on the jury the importance of assessing the witnesses' credibility." Majority op., ¶ 51. We further conclude that the prosecutor's "motive" statements were not improper, and, therefore, that there was no error, because either they were not statements of law at all or they were not mis statements of law. Majority op., ¶¶ 55-57, 59. Thus, we conclude that Bell is not entitled to a new trial because there was no error. Majority op., ¶ 70. Here, I strive to clarify why the "must believe" statements do not amount to error.
¶ 80 Where witness testimony is the only evidence presented at trial, and, if credible, it is sufficient to prove guilt, it is not an error which requires reversal for the prosecutor to argue that, to find the defendant not guilty, the jury must believe the witnesses are lying. Majority op., ¶ 46. Here, this is true for two reasons. First, the prosecutor's arguments are not evidence. The court instructs the jury in that respect, and we properly rely on the assumption that the jury follows the instructions of the court. See, e.g., State v. Marinez, 2011 WI 12, ¶ 41, 331 Wis. 2d 568, 797 N.W.2d 399.
¶ 81 Second, the witnesses' testimony-the sole evidence in this case-is sufficient to prove guilt; that is, it provides sufficient evidence to support a finding of guilt on every element the State is required to prove. Majority op., ¶ 46. While the jury could believe the witnesses and conclude the defendant is not guilty because the State has not met its burden of proof, the jury will still need to assess the witnesses' credibility and determine what weight to attach to that testimony.
*665 In other words, the jury is instructed to determine who is believable and it is not beyond the jury's ability to discern which witnesses the State hopes the jury will find credible. We presume "that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision";[3] that is, a defendant cannot argue that a lawless jury is a possibility that renders otherwise sufficient evidence, insufficient. Majority op., ¶ 47.
¶ 82 I also agree with the majority that Vargas,[4] Cornett,[5] and Reed [6] are all distinguishable, in part because, in those cases, the credibility of the witnesses' testimony was not determinative of guilt. Majority op., ¶¶ 48-49; id., ¶49 n.14. I further recognize that, where the credibility of a witness' testimony is not the only thing at stake, the jury could find the defendant "not guilty" for some other reason, for example, if additional evidence offered is unpersuasive or persuasive. Thus, it could be a misstatement of law in those circumstances to say that to find the defendant not guilty, the jury must believe the witnesses are lying. Majority op., ¶ 45.
¶ 83 But that is not the circumstance here, and Amerson[7] and Sandoval[8] provide *774 additional support for the conclusion that the prosecutor's statements were not improper because these cases demonstrate that the statements may be properly characterized as "impressing on the jury the importance of assessing the witnesses' credibility." Majority op., ¶ 51. In fact, *666 that is what the prosecutor did here. The State impressed on the jury the apparent fact that the jury must determine the credibility of the witnesses and the weight to attach to their testimony. It urged the jury to do what the jury already knew the State wanted the jury to do. It was hardly a secret who the prosecutor hoped the jury would believe. But, unlike improperly vouching for a witness, the prosecutor here was merely telling the jury what it already knew: the State wanted the jury to find its witnesses credible.
¶ 84 In sum, I conclude that the prosecutor's "must believe" statements were not misstatements of law, especially in this case, where the witnesses' credible testimony is alone enough for the State to prove guilt, and is, in fact, the only proof offered. Majority op., ¶¶ 46-47. Additionally, the practical effect of the statements was only to "impress[ ] on the jury the importance of assessing the witnesses' credibility," majority op., ¶ 51, telling the jury what it already knew. The State's case rested on the jury believing a particular witness, but the prosecutor was not stepping into the shoes of the jury to tell them whom to believe. The State was instead describing the duty of the jury to determine what testimony they find more appealing to their good judgment and common sense.
II
¶ 85 We consider second whether Bell is entitled to a new trial because defense counsel's failure to properly preserve objection to the prosecutor's statements constitutes ineffective assistance of counsel. We conclude that Bell's defense counsel did not perform deficiently in failing to move for a mistrial prior to the verdict on the basis of the prosecutor's statements because the prosecutor's statements were not objectionable *667 error. Majority op. ¶ 59. Thus, we conclude that Bell is not entitled to a new trial because there is no ineffective assistance of counsel where there is no deficient performance. Majority op., ¶ 70.
III
¶ 86 We consider third whether Bell is entitled to a new trial because defense counsel's failure to request redaction of the exhibits constitutes ineffective assistance of counsel. Although we hold that allowing the jury to review unredacted versions of the exhibits was error because admission of such evidence is prohibited under Wis. Stat. § 972.11(2)(b), majority op., ¶ 65, we conclude that the error was harmless because Bell's argument that the jury may have inferred T.P.'s prior sexual history from Dr. Budzak's testimony and the inadmissible contents of the exhibits is too speculative. Majority op., ¶ 69. Thus, we conclude that Bell is not entitled to a new trial because there is no ineffective assistance of counsel where the error does not prejudice the defendant. Majority op., ¶ 70.
¶ 87 For the foregoing reasons, I respectfully concur.

The jury instruction on burden of proof indicates that "[a] reasonable doubt is not a doubt which is based on mere guesswork or speculation." Wis JI-Criminal 140 (2000). But when the prosecutor spoke of speculation and evidence, he was speaking not of the ultimate burden of proof on the State to prove guilt beyond a reasonable doubt, but of witness credibility, thus conflating the two instructions.

During the State's closing argument, when it was going through its litany of "must believe" statements, defense counsel objected:
[DEFENSE COUNSEL]: Your Honor, I'm concerned about how he's presenting this because I think he's reversing the burden of proof.
[STATE]: No I'm not Your Honor; I'm simply-
THE COURT: Well, this is argument; I think the jury understands that. It's not evidence and there has to be some latitude for advocacy during the course of argument. I'm not convinced that what he's saying is going beyond that at this point. And, of course, you still have the opportunity to get up there and make your presentation.
So let's proceed with that in mind.
As a procedural matter, this was insufficient to preserve the issue for direct appeal. See State v. Davidson, 2000 WI 91, ¶ 86, 236 Wis. 2d 537, 613 N.W.2d 606 (concluding that the defendant's failure "to make a timely motion for mistrial ... before the jury returned its judgment constitutes a waiver of his objections to the prosecutor's statements during closing arguments"); see also majority op., ¶ 11 n.13. Bell acknowledges that this procedural requirement was not met, which is why he must raise the issues before the court in the context of plain error and ineffective assistance of counsel.

Strickland v. Washington, 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

United States v. Vargas, 583 F.2d 380 (7th Cir. 1978).

United States v. Cornett, 232 F.3d 570 (7th Cir. 2000).

United States v. Reed, 724 F.2d 677 (8th Cir. 1984).

United States v. Amerson, 185 F.3d 676 (7th Cir. 1999).

United States v. Sandoval, 347 F.3d 627 (7th Cir. 2003).